International Pathways Inc. v University of Queensland (2021 NY Slip Op 02106)





International Pathways Inc. v University of Queensland


2021 NY Slip Op 02106


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 657010/19 Appeal No. 13535 Case No. 2020-02747 

[*1]International Pathways Inc., Plaintiff-Appellant,
v
The University of Queensland, et al., Defendants-Respondents.


Greenberg Traurig, LLP, New York (Carmen Beauchamp Ciparick of counsel), for appellant.
Ropes & Gray LLP, New York (David B. Hennes and Lisa H. Bebchick of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 22, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint's second and fourth causes of action, unanimously affirmed, without costs.
Plaintiff asserts various causes of action arising from the parties' affiliation agreement, in which they agreed to operate a medical education program that would allow U.S. students to receive a medical degree from defendant University of Queensland that would qualify them for residency in a U.S. hospital and permit them to obtain a U.S. medical license. The agreement provided in section 9.1 that it would expire by its terms on December 31, 2019 unless renewed in writing, and in section 9.3, that, upon expiration, the parties would work together to create a transition plan to end the program in a responsible manner, enable program participants to complete the program with pre-clinical education at Queensland and appropriate clinical instruction, and resolve any outstanding financial and other issues. On the other hand, if a party terminated the agreement early, then section 9.4 provided that the University of Queensland could not enter into a similar program for a two-year period.
Plaintiff alleges in its second and fourth causes of action that, upon expiration of the agreement, defendants did not end the program, as required by section 9.3, but instead continued the program without plaintiff in breach of that provision and the contractual provision requiring the parties to exercise their rights in good faith. The contract language is clear and unambiguous, so that its interpretation "is a question of law for the court, and the provisions of the contract delineating the rights of the parties prevail over the allegations set forth in the complaint" (Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 [1st Dept 2001]). The motion court correctly determined that defendants did not breach section 9.3 by allowing the agreement to expire by its term and running a new program without plaintiff (see Normandy Real Estate Partners LLC v 24 E. 12th St. Assoc. LLC, 168 AD3d 429, 430 [1st Dept 2019] [breach of contract cause of action requires alleging the existence of an agreement, plaintiff's performance thereunder, defendant's breach, and resulting damages]). In contrast, to the extent plaintiff alleges that it suffered damages as a result of the manner in which the program was ended, such claim is encompassed in its third cause of action, which was not dismissed.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021